AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| ALEXANDER GOMEZ PEREZ | ) | Case No. |
| | ) | 3:25-mj- 1334-PDB |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __March 4, 2025__ in the county of __Duval__ in the __Middle__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC § 1546(a) | Possession of a False Document |
| 42 USC § ~~407~~ 408 (a)(7)(B)  DM | Falsely Representing a Social Security Number |

This criminal complaint is based on these facts:
See Affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

Phillip M. Reynolds, Special Agent HSI
_____
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 7/17/25

_____
Judge's signature

City and state: Jacksonville, FL

Monte C. Richardson, U.S. Magistrate Judge
*Printed name and title*

## CRIMINAL COMPLAINT AFFIDAVIT

I, Phillip M. Reynolds, being a duly sworn and appointed Special Agent for the United States Department of Homeland Security ("DHS"), U.S. Immigration and Customs Enforcement ("ICE"), Homeland Security Investigations ("HSI"), hereby make the following statement in support of the attached criminal complaint.

### Agent Qualifications

1. I am a Special Agent of HSI, a division of ICE assigned to the Assistant Special Agent in Charge Jacksonville Office and have been so employed since August 2004. I attended and completed 22 weeks of training at the Federal Law Enforcement Training Center. I received training in the enforcement of immigration and customs laws. Before becoming a Special Agent, I graduated from the University of North Florida with a Bachelor of Arts in Criminal Justice. I have previously been the lead agent on cases involving individuals knowingly possessing and using a forged, counterfeited, altered, or falsely made Resident Alien card or Social Security card, in violation of 18 U.S.C. § 1546(a), and involving the knowing employment of aliens without work authorization, in violation of 8 U.S.C. § 1324a(a)(1)(A). Information in this affidavit either is personally known to me or was provided to me by other law enforcement officers and I am generally familiar with immigration enforcement.

## HSI Inspection at Allsite Contracting Inc.

2. On July 30, 2024, HSI began an inspection of Allsite Contracting Inc. ("Allsite Contracting"), a civil construction company located in Duval County, Florida. Under 8 U.S.C. § 1324a, officers of DHS and other agencies are authorized to conduct inspections of employers to include a review of employees' documents retained with the corresponding Employment Eligibility Verification form ("Form I-9"). The Form I-9 is required by law to confirm the employment eligibility of a person an employer wishes to hire. All employees, citizens and non-citizens, are required to complete Section 1 of a Form I-9 at the time of hire. In Section 1, the employee provides information to establish legal authorization to work in the United States. The employer is required to complete Section 2 certifying that the employer has examined the documents the employee presented as proof of the right to work in the United States. The Form I-9 is attested to under penalty of perjury and pursuant to federal law prohibiting false statements and the use of false documents in connection with the completion of the form. *See* 8 U.S.C. § 1324a(b). Employers are required to retain Forms I-9 for three years after the date of hire or for one year after employment is terminated, whichever occurs first. *See* 8 U.S.C. § 1324a(b)(3). I know from training and experience that many employers photocopy documents provided by employees to establish legal authorization to work in the United States and keep those copies with the Forms I-9.

3. As part of the inspection of Allsite Contracting, HSI identified employees who had presented suspicious identification documents in connection with the Form I-9 and who did not appear to be authorized to work in the United States. HSI provided a "Notice of Technical and or Procedural Failures" to Allsite Contracting dated February 20, 2025. The Notice identified certain errors on Forms I-9 noted by an HSI auditor. After receiving the notice, it was incumbent on Allsite Contracting to correct the errors. The notice provides an opportunity for the employer to mitigate civil liability by correcting discrepancies noted during the audit and ensures that the employer records are corrected during the audit. HSI then receives corrections or notes made by the employer.

4. During the inspection, HSI identified several Forms I-9 reflecting false statements and the presentation of false or fraudulent documents. Some of the Forms I-9 appeared to have similar handwriting in Section 1 (the employee section) and in Section 2 (the employer section), implying that the employees may not have filled out the Forms I-9 themselves. Using the fraudulent documents and the biographic information reflected on the Forms I-9, HSI identified several individuals who are suspected of being in the United States unlawfully, including the individual identified below.

### Forms I-9 for ALEXANDER GOMEZ PEREZ

5. Section 1 of the Form I-9 for an individual named ALEXANDER GOMEZ PEREZ that was signed on March 29, 2023, reflects that GOMEZ PEREZ

is a lawful permanent resident and lists an alien number ending in 201 and a Social Security number ending in 5097.[1] An updated Form I-9 for GOMEZ PEREZ that was signed on March 4, 2025, lists the same alien number and Social Security number as the ones listed on the March 29, 2023, Form I-9. An employee of Allsite Contracting with the title of Executive Secretary attested to GOMEZ PEREZ presenting the fraudulent documents for employment purposes. On the form dated March 4, 2025, the date and alien number listed in Section 1 of the form appear to be written in the same handwriting as the handwriting in Section 2. The biographic information and Social Security number in Section 1 appear to be written in the same handwriting as GOMEZ PEREZ's signature in Section 1.

6.  Immigration databases reflect that the alien number ending in 201 is not assigned to GOMEZ PEREZ. HSI conferred with the Social Security Administration Office of Inspector General and learned that the Social Security number ending in 5097 is assigned to someone else and not to GOMEZ PEREZ.

7.  Florida Department of Financial Services Detective Jason Clark and an HSI analyst queried State of Florida employer quarterly wage and hour reports for the Social Security number ending in 5097. The returned records reflected earnings

---

[1] Throughout this affidavit, I have included only the last three or four digits of alien numbers and Social Security numbers to avoid disclosing the full numbers in the public record because some of the numbers are identifiers for real persons.

at Allsite Contracting under that Social Security number for the fourth quarter of 2024 and the first quarter of 2025, and dating back to April 2023.

## Conclusion

8. Based on the foregoing facts, your affiant believes there is probable cause to establish that ALEXANDER GOMEZ PEREZ knowingly possessed and used a forged, counterfeited, altered, or falsely made document, specifically a Resident Alien card, knowing it to be forged, counterfeited, altered, or falsely made, in violation of 18 U.S.C. § 1546(a).

9. Based on the foregoing facts, your affiant believes there is probable cause to establish that ALEXANDER GOMEZ PEREZ knowingly used a Social Security Card and number knowing that number is not assigned to him, for the purpose of unlawfully obtaining wages for work from Allsite Contracting, in violation of 42 U.S.C. § 408(a)(7)(B).

_____
Phillip M. Reynolds, Special Agent
Homeland Security Investigations
Jacksonville, Florida

Subscribed and sworn to before me this __17__ day of July, 2025.

_____
MONTE C. RICHARDSON
United States Magistrate Judge

5